UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18cv60919

Omar Odeh, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                     **COMPLAINT – CLASS ACTION**

United Collection Service, Inc.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative class, Plaintiff Omar Odeh ("Plaintiff"), seeks redress for the unlawful conduct of Defendant, United Collection Service, Inc. ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched thousands unlawful collection letters to Florida consumers, whereby each such letter contains identical violations § 1692g(a) of the FDCPA.

**INTRODUCTION**

1.    The FDCPA "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has dispatched thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letter, Defendant has failed to clearly and adequately disclose the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2). Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

5. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

6. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## DEMAND FOR JURY TRIAL

7. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

9. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10. Defendant is a Florida corporation, with its principal place of business located in Lake Mary, Florida.

11. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about March 22, 2018, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. The Collection Letter was Defendant's first and/or initial communication with Plaintiff in connection with the Consumer Debt.

18.     Nowhere in the Collection Letter does it state who the current creditor of the debt is as Defendant is required to clearly and effectively disclose pursuant to 15 U.S.C §1692g(a)(2) of the FDCPA.

19.     Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

20.     This action is brought on behalf of the following class:

> (i) all persons in the State of Florida (ii) who received a letter (iii) between April 23, 2017 and April 23, 2018 (iv) from Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant failed to properly disclose the name of the creditor to whom the debt is owed pursuant to 15 U.S.C §1692g(a)(2).

21.     Plaintiff alleges on information and belief that the class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to members of the class attempting to collect consumer debts.

A.      *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

22.     Common questions of law and fact exist to the class and predominate over any issues involving only individual class members.

23.     With respect to the class:

   (a)  The ***factual issues common*** to the class is whether members received a collection letter from Defendant, in an attempt to collect a consumer debt, within the class period; and

      (b)    The *principal legal issue* of the Class is whether Defendant violated 15 U.S.C. 1692g(a)(2) by failing to clearly, adequately, and effectively name of the creditor to whom the debt is owed.

24. Excluded from the Class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

25. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

26. Plaintiff is an adequate representative for the Class.

27. Plaintiff will fairly and adequately protect the interests of the Class.

28. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them to not vigorously pursue this action.

D. *PREDOMINANCE AND SUPERIORITY*

29. Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      (a)    The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

      (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff requests certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692g(a)(2)

31. Defendant violated §1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify any entity as being the "creditor." *See* Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid §1692g(a)(2) claim).

32. Here, in the Collection Letter, Defendant fails to clearly identify any entity as the creditor of the debt. Instead, Defendant merely claims that the Collection Letter is "Re: AMERICAN AMBULANCE – FALCK." The creditor could be, if any, any one of the three entities listed on the letter.

33. Courts have consistently held that "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." McGinty v. Professional Claims Bureau, Inc., Case No. 15-cv-4356 (SJF) (ARL), 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see also*, Suellen v. Mercantile Adjustment Bureau, LLC, Case No. 12–cv–00916 NC, 2012 WL 2849651, at *6 (N.D. Cal. June 12, 2012) (observing that courts have held that "[m]erely naming the creditor without identifying it as the current creditor" is not

sufficient for purposes of section 1692g(a)(2)); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 300-01 (E.D.N.Y. 2005) (holding that a debt collector violated 15 U.S.C. § 1692g where "[t]he name of the creditor . . . appear[ed] in the subject line of the Collection Letter, but [was] not identified as a creditor"); Dix v. Natl. Credit Sys., Inc., 2:16-CV-3257-HRH, 2017 WL 4865259, at *2 (D. Ariz. Oct. 27, 2017) ("[a]ll defendant did was name the current creditor. Defendant did nothing to identify Metro on 19th as the current creditor. Thus, plaintiff is entitled to summary judgment on his section 1692g(a)(2) claim"); Datiz v. International Recovery Associates, Inc., Case No. 15-CV-3549 (ADS) (AKT), 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016) (because collection letter "did not make it *explicit* that [the hospital] was the current creditor to whom the plaintiff owed a debt" summary judgement was granted in favor of Plaintiff's §1692g(a)(2) claim).

WHEREFORE, Plaintiff, individually and on behalf of the Class, request that the Court enter an order certifying the described Class and judgment in favor of Plaintiff and Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3) Such other or further relief as the Court deems proper.

DATED: April 23, 2018

                                                Respectfully Submitted,

                                                /s/ Jibrael S. Hindi                                  .
                                                **JIBRAEL S. HINDI, ESQ.**
                                                Florida Bar No.: 118259
                                                E-mail:    jibrael@jibraellaw.com
                                                THE LAW OFFICES OF JIBRAEL S. HINDI
                                                110 SE 6th Street, Suite 1744
                                                Fort Lauderdale, Florida 33301
                                                Phone:      954-907-1136
                                                Fax:          855-529-9540

                                                *COUNSEL FOR PLAINTIFF*